**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 09-4104-JAR |
| | ) | |
| AFFILIATE STRATEGIES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court upon Plaintiffs' Motion to Strike the Affirmative Defenses of Defendants Affiliate Strategies, Inc. ("Affiliate Strategies"), Landmark Publishing Group, L.L.C. ("Landmark Publishing"), Grant Writers Institute, L.L.C. ("GWI"), Answer Customers, L.L.C. ("Answer Customers"), Apex Holdings International, L.L.C. ("Apex Holdings"), Brett Blackman ("Blackman"), Jordan Sevy ("Sevy"), Real Estate Buyers Financial Network LLC ("REBFN"), Martin Nossov, and Alicia Nossov (Doc. 139). For the reasons stated below, Plaintiffs' motion is granted in part and denied in part.

**I.    Background**

On July 19, 2009, Plaintiffs filed a Complaint alleging Defendants violated the Federal Trade Commission Act ("FTC Act"), the FTC's Telemarketing Sales Rule ("TSR"), and various state consumer protection statutes prohibiting unfair and deceptive trade practices.[1] On December 9, 2009, Plaintiffs filed an Amended Complaint against the initial Defendants and five newly named

---

[1] Compl. (Doc. 1).

Defendants.[2]  In their Amended Complaint, Plaintiffs assert Defendants engaged in a plan, program, or campaign to sell grant related goods and services through a variety of deceptive tactics, including misrepresenting the success rate of their goods and services.[3]

Defendants asserted numerous affirmative defenses in their respective answers to Plaintiffs' Amended Complaint.  In the instant motion, Plaintiffs move for an order striking Defendants' affirmative defenses as legally insufficient, redundant, and immaterial.  Defendants Affiliate Strategies, Landmark Publishing, GWI, Answer Customers, Apex Holdings, Blackman and Sevy (collectively, "ASI Defendants") filed a collective response in opposition to the instant motion. Defendants REBFN, Martin Nossov, and Alicia Nossov (collectively, "REBFN Defendants") also filed a collective response in opposition to the instant motion.

## II.    Standard for Striking Affirmative Defenses

Fed. R. Civ. P. 8(c) requires a party to "affirmatively state any avoidance or affirmative defense" when responding to a pleading.  In pleading an affirmative defense, a defendant must set forth a "short and plain" statement of the nature of the defense, including a "short and plain" statement of the facts.[4]  This ensures the opposing party has fair notice of the defense and the grounds upon which it rests.[5]

Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading an insufficient defense or any

---

[2] Am. Compl. (Doc. 118).  The newly named Defendants and Defendant James Rulison filed their respective answers to the Amended Complaint after the instant motion was filed. Thus, their affirmative defenses are not subject to this Order.

[3] *Id.*

[4] *See Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 618 (D. Kan. 2006).

[5] *Id.*

redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) is intended to "minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial."[6] A motion to strike an affirmative defense as insufficient is disfavored as a "drastic remedy."[7] As a result, the moving party bears a "demanding" and "formidable" burden to show the affirmative defense should be stricken.[8] Courts view the pleadings under attack in the light most favorable to the pleader.[9] If there is any doubt as to whether to strike a matter, courts should deny the motion.[10]

A motion to strike an affirmative defense is evaluated under the materially same legal standard as a Rule 12(b)(6) motion for failure to state a claim.[11] A court will not grant a Rule 12(f) motion unless it appears to a certainty that plaintiffs would succeed despite any facts that would be proved in support of the defense.[12] In other words, a defense is insufficient if it cannot succeed, as

---

[6] *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993).

[7] *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008).

[8] *Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 08-1330-JTM, 2009 WL 603641, at *2 (D. Kan. Mar. 9, 2009) (describing moving party's burden as "demanding"); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 474 F. Supp. 2d 75, 79 (D.D.C. 2007) (describing moving party's burden as "formidable").

[9] *Fluid Control Prods., Inc. v. CAS Aeromotive, Inc.*, No. 4:09-CV-1667, 2010 WL 427765, at *2 (E.D. Mo. Feb. 1, 2010).

[10] *Miller v. Pfizer, Inc.*, No. Civ. A. 99-2326-KHV, 1999 WL 1063046, at *3 (D. Kan. Nov. 10, 1999).

[11] *Westar Energy, Inc. v. Lake*, No. 05-4116-JAR, 2007 WL 977556, at *5 (D. Kan. Mar. 30, 2007); *see also Solvent Chem. Co. v. E.I. DuPont de Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim.").

[12] *Solvent Chem. Co.*, 242 F. Supp. 2d at 212 (internal citations omitted).

a matter of law, under any circumstances.[13]  Motions to strike will not be granted unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits.[14]  Courts will usually deny a motion to strike unless the allegations have "'no possible relation to the controversy and may prejudice the opposing party.'"[15]

The majority of courts to have considered the issue, including the District of Kansas, have applied the pleading standard announced by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* to affirmative defenses.[16]  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court set forth the minimum requirements for a complaint to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[17]  The Supreme Court held that a complaint must contain sufficient factual material to state a claim that is plausible on its face.[18]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[13] *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648–49 (D. Kan. 2009) (citing *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993)).

[14] *Hayne*, 263 F.R.D. at 649.

[15] *United States ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009) (quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)); *see also Sprint Commc'ns Co. v. Big River Tel. Co.*, No. 08-2046-JWL, 2008 WL 4171595, at *1 (D. Kan. Sept. 8, 2008); *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).

[16] *See Hayne*, 263 F.R.D. at 649–50 (and cases cited therein).

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Ashcroft v. Iqbal*, the Court clarified that its decision in *Twombly* was not limited to anti-trust cases, but instead "expounded the pleading standard for 'all civil actions.'"  556 U.S. ___, 129 S. Ct. 1937, 1953 (2009).

[18] *Twombly*, 550 U.S. at 570.

defendant is liable for the misconduct alleged."[19]  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.[20]  Although a pleading does not need to contain detailed factual allegations, it requires more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[21]

The decisions in *Twombly* and *Iqbal* were designed, in part, to eliminate the potential high costs of discovery associated with meritless claims.[22]  In applying the pleading standard from these cases to affirmative defenses, courts have recognized that "[b]oilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints."[23]  Courts have also emphasized that it does not make sense to apply a different pleading standard to claims than affirmative defenses because, in both instances, the purpose of the pleading requirements is to provide sufficient notice to the opposing party.[24]  As Magistrate Judge Rushfelt explained in *Hayne v. Green Ford Sales, Inc.*, "Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some

---

[19] *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

[20] *Id.*

[21] *Twombly*, 550 U.S. at 555.

[22] *See HCRI TRS Acquirer, LLC v. Iwer*, No. 3:09 CV 2691, 2010 WL 1704236, at *3 (N.D. Ohio Apr. 28, 2010).

[23] *Id.*

[24] *Hayne*, 263 F.R.D. at 650.

conjecture that it may somehow apply."[25]   Accordingly, Defendants may not assert wholly conclusory affirmative defenses.[26]   There must be some plausible, factual basis for the affirmative defenses and not simply a suggestion of possibility that they may apply.[27]

## III.   Analysis

### A.   Failure to State a Claim

Each Defendant's first affirmative defense states, "Plaintiffs have failed to state a claim upon which relief can be granted."[28]   Plaintiffs argue Defendants' argument fails as a matter of law because Defendants' alleged conduct clearly violates Section 5 of the FTC Act, the TSR, and various state laws.   Plaintiffs further argue this Court has already entered a Temporary Restraining Order and a Preliminary Injunction, explicitly ruling that Plaintiffs are likely to succeed on the merits of their case.

On December 22, 2009, REBFN Defendants moved to dismiss Counts II, III, IV, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVII, and XVIII for failure to state a claim, premised upon Plaintiffs' failure to plead these claims with particularity.[29]   In an Order dated June 4, 2010, Judge Robinson determined Plaintiffs are not required to plead these counts with particularity under Fed.

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] Blackman Answer ¶ 1 (Doc. 122); Sevy Answer ¶ 1 (Doc. 123); Answer Customers Answer ¶ 1 (Doc. 126); GWI Answer ¶ 1 (Doc. 127); Affiliate Strategies Answer ¶ 1 (Doc. 128); Landmark Publishing Answer ¶ 1 (Doc. 129); Apex Holdings Answer ¶ 1 (Doc. 130); REBFN Defs. Answer ¶ 1 (Doc. 131).

[29] Doc. 124.

R. Civ. P. 9(b).[30]   Analyzing these counts pursuant to Fed. R. Civ. P. 8(a), Judge Robinson concluded Plaintiffs stated plausible claims for relief in Counts II, III, IV, VIII, IX, XVII, and XVIII of the Amended Complaint, but did not allege sufficient facts in Counts VII, X, XI, XII, XIII, XIV, and XV.[31]   Plaintiffs were granted leave to file a Second Amended Complaint by June 25, 2010.

Accordingly, this Court will strike each Defendant's affirmative defense of failure to state a claim as to Counts II, III, IV, VIII, IX, XVII, and XVIII.   Although only REBFN Defendants moved to dismiss these counts, Plaintiffs allege ASI Defendants violated the statutes at issue in the same or substantially the same manner as REBFN Defendants.   Thus, Judge Robinson's holding that these counts state plausible claims for relief also appears to apply to ASI Defendants.

The Court will not strike the affirmative defense of failure to state a claim as to Counts VII, X, XI, XII, XIII, XIV, and XV.   Defendants may reassert this affirmative defense in the event Plaintiffs file a Second Amended Complaint.

REBFN Defendants did not move to dismiss Counts I, VI, and, XVI of the Amended Complaint because these claims were brought only against ASI Defendants.[32]   Because ASI Defendants have not sought resolution of this by pre-answer motion, the Court is not in a position to speculate how they contend these counts fail to state a claim.   The question is better considered later in the proceedings after the issue has been fully argued, particularly where, as here, Plaintiffs

---

[30] Mem. and Order (Doc. 202).

[31] *Id.*

[32] Additionally, REBFN Defendants did not move to dismiss Count V.  However, Count V is brought only against Defendant Chapman.

have not demonstrated any prejudice.[33]

## B. Standing

ASI Defendants assert the following defenses:

> Plaintiffs' Amended Complaint should be dismissed due to the fact that one or more Plaintiffs lack standing to assert the claims stated.

> Plaintiff States lack standing to pursue the claims asserted in the Amended Complaint.[34]

Based upon their response to the instant motion, ASI Defendants apparently argue only the Plaintiff States, not the FTC, lack standing to sue.

Plaintiffs argue this defense is legally insufficient because the TSR authorizes State Attorneys General to file suit in federal district court to enforce compliance with the TSR. Plaintiffs appear to be correct.[35]

---

[33] *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *1–*2 (D. Kan. Feb. 19, 2008) (declining to strike all of the affirmative defenses, including failure to state a cause of action upon which relief can be granted, because plaintiff did not show prejudice); *Evello Invs., N.V. v. Printed Media Servs., Inc.*, 158 F.R.D. 172, 173 (D. Kan. 1994) (refusing to strike affirmative defense of failure to state a claim at the early stages of litigation in part because moving party did not allege any prejudice would result); *FTC v. Mazzoni & Son, Inc.*, No. 06-15766, 2007 WL 2413086, at *2 (E.D. Mich. Aug. 14, 2007) (refusing to strike affirmative defense of failure to state claim because there was no prejudice to the FTC); *FTC v. Rawlins & Rivera, Inc.*, No. 06:07-cv-146-Orl-18KRS, 2007 WL 1730091, at *3 (M.D. Fla. June 14, 2007) (refusing to strike affirmative defense of failure to state a claim when Defendants raised the defense in its answer, instead of pre-answer motion, because the issue was better reserved for consideration later in the proceedings); *FTC v. Magazine Solutions, LLC*, No. 07-692, 2007 WL 2815695, at *1 (W.D. Pa. Sept. 25, 2007) (refusing to strike affirmative defense of failure to state a claim because it was not redundant, immaterial, or insufficient).

[34] Blackman Answer ¶¶ 2,7 ( Doc. 122); Sevy Answer ¶¶ 2,7  (Doc. 123); Answer Customers Answer ¶¶ 2,7 (Doc. 126); GWI Answer ¶¶ 2,7 (Doc. 127); Affiliate Strategies Answer ¶¶ 2,7 (Doc. 128) ; Landmark Publishing Answer ¶¶ 2,7 (Doc. 129); Apex Holdings Answer ¶¶ 2,7  (Doc. 130).

[35] *See* 15 U.S.C. § 6103(a).

ASI Defendants, however, focus on the various state statutes at issue, not the TSR, and contend their liabilities under the state statutes at issue involve a fact specific inquiry into such issues as whether the consumers are residents of either Kansas, Minnesota, North Carolina or Illinois. Plaintiffs do not address the relevant state statutes in the instant motion. As a result, Plaintiffs have not demonstrated this defense is clearly insufficient or that it cannot succeed under any circumstance. Accordingly, the Court will not strike this defense as legally insufficient.

However, ASI Defendants have not properly pled this defense because they did not include any facts in their respective answers that support a lack of standing defense.[36] As a result, this defense is too conclusory to give Plaintiffs fair notice of the grounds upon which it rests. To the extent prejudice must be shown, the Court concludes Plaintiffs would be prejudiced if forced to litigate a defense without having notice of the purported facts upon which it rests.[37] Accordingly, the Court will sustain the motion to strike, but will grant ASI Defendants leave to amend their respective answers.

As Magistrate Judge Rushfelt observed in *Hayne v. Green Ford Sales, Inc.*, "The Court recognizes that parties do not always know all the facts relevant to their claims or defenses until discovery has occurred. The Federal Rules of Civil Procedure contemplates that motions to amend pleadings may be appropriate, based upon facts first learned during discovery. Such pleadings may indeed raise additional claims or additional defenses."[38]

---

[36] *See Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651–52 (D. Kan. 2009) (striking affirmative defenses when defendants did not allege any facts in support thereof).

[37] *See Sprint Commc'ns Co. v. Big River Tel. Co.*, No. 08-2046-JWL, 2008 WL 4171595, at *2 n.2 (D. Kan. Sept. 8, 2008).

[38] *Hayne*, 263 F.R.D. at 651.

### C. Unclean Hands

Each Defendant asserts the affirmative defense of unclean hands.[39]  Plaintiffs cite authority holding that the defense of unclean hands cannot be invoked against a United States governmental agency acting in the public interest.[40]

In their response to the instant motion, ASI Defendants indicate they are raising this defense against certain State Plaintiffs, not the FTC.  ASI Defendants indicate their unclean hands defense is based on pre-complaint settlement negotiations that certain State Plaintiffs may have undertaken and then terminated in bad faith, prior to bringing this action with the FTC.  None of the authority cited by Plaintiffs consider the applicability of an unclean hands defense to state governments.  Accordingly, Plaintiffs have not demonstrated this defense is legally insufficient against State Plaintiffs or could not succeed under any circumstance.

Moreover, various courts have refused to strike an unclean hands defense asserted against the United States government.  For example, in *SEC v. Nacchio*, the district court concluded a motion to strike an unclean hands defense in the early stages of the litigation was premature.[41]  In that case, Plaintiffs moved to strike an unclean hands defense by arguing that such defense could not be asserted against the government.[42]  The district court was not convinced the alleged

---

[39] Blackman Answer ¶ 19 ( Doc. 122); Sevy Answer ¶ 19  (Doc. 123); Answer Customers Answer ¶ 15  (Doc. 126); GWI Answer ¶ 16 (Doc. 127); Affiliate Strategies Answer ¶ 16 (Doc. 128); Landmark Publishing Answer ¶ 16 (Doc. 129); Apex Holdings Answer ¶ 16 (Doc. 130); REBFN Defs. Answer ¶ 7 (Doc. 131).

[40] *See, e.g.*, *United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 75 (D.D.C. 2004) ("When, as here, the Government acts in the public interest the unclean hands doctrine is unavailable as a matter of law.").

[41] *SEC v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006).

[42] *Id.*

government conduct could never justify an unclean hands defense and concluded that such determination could be made only after a more complete factual record was developed.[43] Additionally, "[s]ome courts have held the defense of unclean hands can be asserted against the government when the government's conduct is so outrageous as to cause constitutional injury."[44]

However, the Court sustains Plaintiffs' motion to strike because ASI Defendants do not recite sufficient facts supporting this defense in their respective answers.[45]  For example, ASI Defendants do not indicate which State Plaintiffs were involved in the pre-complaint negotiations. ASI Defendants are granted leave to amend their respective answers to include additional facts that support this defense.

REBFN Defendants also assert an unclean hands defense in their answer but do not discuss this defense in response to the instant motion.[46]  As a result, Plaintiffs argue REBFN Defendants have abandoned their unclean hands defense.[47]  The Court disagrees.  In their response to the instant motion, REBFN Defendants specifically abandoned certain affirmative defenses, but did not include

---

[43] *Id.*

[44] *FTC v. Medicor LLC*, No. CV011896CBMEX, 2001 WL 765628, at *3 (C.D. Cal. June 26, 2001) (citing *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)).

[45] *Cf. id.* (not dismissing Defendants' unclean hands affirmative defense because Defendants asserted specific wrongdoing by the government in their answers).

[46] REBFN Defs. Answer ¶ 7 (Doc. 131).

[47] Plaintiffs also assert REBFN Defendants have abandoned affirmative defenses No. 2 (venue), No. 5 (participation), No. 9 (consumer mitigation), No. 11 (reasonable steps), No. 13 (consumer avoidance), No. 14 (commercial speech), No. 15 (misrepresentations were not material), No. 16 (over broad relief sought), No. 19 (offset), No. 20 (denial of joint and several liability), No. 21 (due process), and No. 22 (releases executed by consumers).

the defense of unclean hands.[48]  Thus, it does not appear REBFN Defendants intend to abandon this defense.  It is possible they believed no response was required because Plaintiffs failed to meet their burden as the party moving to strike.  Considering the disfavored nature of motions to strike, the Court believes the proper approach is simply to decide Plaintiffs' motion without the benefit of a response from REBFN Defendants.

As discussed above, an unclean hands defense might be successful under certain circumstances.  However, it is unclear whether REBFN Defendants raise this defense against the FTC, State Plaintiffs, or both.  Further, REBFN Defendants do not indicate the basis on which they are asserting an unclean hands defense.  For example, it is unclear whether REBFN Defendants also engaged in the pre-complaint settlement negotiations with certain State Plaintiffs.  Accordingly, the Court finds REBFN Defendants have not sufficiently pled this defense.  The Court sustains Plaintiffs' motion to strike but will grant REBFN Defendants leave to amend their answer to identify the Plaintiffs against whom they are asserting this defense and to provide facts in support thereof.

### D.    Mootness

ASI Defendants assert Plaintiffs' claim for injunctive relief is moot because Defendants are "not currently violating or about to violate any federal or state laws."[49]

Although cessation of conduct is not a defense to a violation of the FTC Act, it may be

---

[48] REBFN Defendants indicate they have abandoned affirmative defenses No. 2, No. 5, and No. 13.  *See* REBFN Defs.' Mem. of Law in Opp'n to Pls.' Mot. to Strike Affirmative Defenses, n.3 (Doc. 150).

[49] Blackman Answer ¶ 29 (Doc. 122); Sevy Answer ¶ 29 (Doc. 123); Answer Customers Answer ¶ 24 (Doc. 126), GWI Answer ¶ 25 (Doc. 127); Affiliate Strategies Answer ¶ 25 (Doc. 128); Landmark Publishing Answer ¶ 16 (Doc. 129); Apex Holdings Answer ¶ 25 (Doc. 130).

relevant with respect to whether a permanent injunction is an appropriate remedy.[50] In discussing whether to enjoin future action, one court has explained, "[t]he crucial question, of course, is to what degree one can be certain that the same or related practices will not recur."[51] Defendants might be able to demonstrate there is no likelihood of recurrence if they have stopped the allegedly actionable conduct.[52] As a result, various courts have refused to strike a mootness defense that was based upon defendants ceasing their actionable conduct.[53] Accordingly, Plaintiffs' motion to strike is denied as to the affirmative defense of mootness.

### E.    Legitimacy of Relief Sought by Plaintiffs

In various affirmative defenses, Defendants contest the legitimacy of the relief sought by Plaintiffs. For example, each Defendant asserts "[t]he relief requested by plaintiffs is overbroad and not authorized by the FTC Act or the other applicable statutes . . ."[54] ASI Defendants also contend

---

[50] *FTC v. Bronson Partners, LLC*, No. 3:04 CV 1866 (SRU), 2006 WL 197357, at *3 (D. Conn. Jan. 25, 2006).

[51] *Rubbermaid, Inc. v. FTC*, 575 F.2d 1169, 1172 (6th Cir. 1978).

[52] *FTC v. Hang-Ups Art Enters., Inc.*, No. CV 95-0027 RMT, 1995 WL 914179, at *6 (C.D. Cal. Sept. 27, 1995).

[53] *See Bronson Partners, LLC*, 2006 WL 197357, at *3 (refusing to strike affirmative defense of mootness based upon defendants having ceased the purportedly actionable conduct because it might be relevant to the appropriate remedy); *Hang-Ups Art Enters., Inc.*, 1995 WL 914179, at *6 (declining to strike affirmative defense of mootness because it would be possible for the court to find no likelihood of recurrence and deny injunctive relief if Defendants ceased the purportedly offending acts); *see also FTC v. Mazzoni & Son, Inc.*, No. 06-15766, 2007 WL 2413086, at *2 (E.D. Mich. Aug. 14, 2007) (refusing to strike affirmative defense of mootness because there was no prejudice to FTC in court's refusal to strike defense).

[54] Blackman Answer ¶ 25 (Doc. 122); Sevy Answer ¶ 25 (Doc. 123); Answer Customers Answer ¶ 20 (Doc. 126), GWI Answer ¶ 21 (Doc. 127); Affiliate Strategies Answer ¶ 21 (Doc. 128); Landmark Publishing Answer ¶ 21 (Doc. 129); Apex Holdings Answer ¶ 21 (Doc. 130); REBFN Defs. Answer ¶ 16 (Doc. 131).

Plaintiffs "have an adequate remedy at law, therefore, injunctive relief would be inappropriate and is precluded."[55] ASI Defendants further assert the proposed equitable remedy is punitive in nature.[56] Plaintiffs contend these theories should be stricken because they are not bona fide defenses and are legally insufficient. The Court will first examine Plaintiffs' argument that these are not bona fide affirmative defenses.

Fed. R. Civ. P. 8(c) requires a defendant to affirmatively plead certain enumerated defenses, as well as "any other matter constituting an avoidance or affirmative defense." Rule 8(c) does not define what constitutes an affirmative defense. However, Rule 8(c) should be read in conjunction with, and distinguished from, Rule 8(b), which deals with denials or negative defenses that directly contradict elements of the plaintiff's claim for relief.[57] Some courts have defined an affirmative defense as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's claim, even if all allegations in the complaint are true.[58] Other courts have defined an affirmative defense as one that will defeat the plaintiff's claim if it is accepted by the district court

---

[55] Blackman Answer ¶ 14 (Doc. 122); Sevy Answer ¶ 14 (Doc. 123); Answer Customers Answer ¶ 12 (Doc. 126), GWI Answer ¶ 13 (Doc. 127); Affiliate Strategies Answer ¶ 13 (Doc. 128); Landmark Publishing Answer ¶ 13 (Doc. 129); Apex Holdings Answer ¶ 13 (Doc. 130).

[56] Blackman Answer ¶¶ 3,16 (Doc. 122); Sevy Answer ¶¶ 3,16 (Doc. 123); Answer Customers Answer ¶¶ 3,14 (Doc. 126), GWI Answer ¶¶ 3,15 (Doc. 127); Affiliate Strategies Answer ¶¶ 3,15 (Doc. 128); Landmark Publishing Answer ¶¶ 3,15 (Doc. 129); Apex Holdings Answer ¶¶ 3,15 (Doc. 130).

[57] 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1270 (3d ed. 2004).

[58] *See, e.g.*, *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (citing *Black's Law Dictionary* 430 (7th ed. 1999)).

or the jury.[59]

Here, these defenses attack the propriety of the relief sought by Plaintiffs and do not defeat Plaintiffs' claims that Defendants violated the relevant statutes. As a result, the Court agrees with Plaintiffs that these are not bona fide affirmative defenses.

However, it is not necessarily appropriate to strike these theories just because they have been mislabeled as affirmative defenses. An affirmative defense might be deemed waived if it is not timely pled.[60] "[T]he very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses."[61] The absence of a definition in Rule 8(c) creates a difficult problem of determining what matters are "affirmative defenses" that must be pleaded separately in an answer. As a result, "the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials."[62] Although some courts will strike denials or other theories that have been mislabeled as affirmative defenses,[63] the

---

[59] *See, e.g.*, *Renfro v. Spartan Computer Servs., Inc.*, No. 06-2284-KHV, 2007 WL 28245, at *3 (D. Kan. Jan. 3, 2007) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1270 (3d ed. 2004)).

[60] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076–77 (10th Cir. 2009).

[61] *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N. D. Ill. 1982).

[62] *Id.*

[63] *See, e.g.*, *FTC v. Think All Publ'g, L.L.C.*, 564 F. Supp. 2d 663, 665–66 (E.D. Tex. 2008) (striking defenses that were merely restatements of denials as redundant); *FTC v. Magazine Solutions, LLC*, No. 07-692, 2007 WL 2815695, at *1 (W.D. Pa. Sept. 25, 2007) (striking affirmative defenses that were denials of the factual allegations set forth in the complaint).

Court concludes the better practice is not do so unless the moving party demonstrates prejudice.[64] Because Plaintiffs have not shown or even alleged prejudice, the Court will not strike these arguments.

The Court next turns to the sufficiency of these theories. As discussed above, each Defendant asserts "[t]he relief requested by plaintiffs is overbroad and not authorized by the FTC Act or the other applicable statutes . . ." The ASI Defendants further assert the equitable relief sought is punitive in nature. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes a District Court to enter permanent injunctions against violations of any provision of law enforced by the FTC. Although this section does not explicitly provide for any other forms of relief, it has been interpreted by various courts to implicitly provide authority "'to grant any ancillary relief necessary to accomplish complete justice,'" including restitution and disgorgement of profits.[65] A court may order relief in the form of an injunction, disgorgement, rescission, or in any other fashion as equity may dictate.[66]

Thus, the FTC Act appears to authorize the relief sought by Plaintiffs. However, the Court does not interpret ASI Defendants to be challenging whether the FTC Act authorizes the relief Plaintiffs seek in this lawsuit. Rather, Defendants appear to be challenging the propriety of that

---

[64] *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) ("Without a showing of prejudice, the Court gives leeway to defendant in affirmatively pleading theories which do not actually constitute affirmative defenses.").

[65] *See, e.g.*, *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 571 (7th Cir. 1989) (quoting *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir. 1982)).

[66] *Think All Publ'g, L.L.C.*, 564 F. Supp. 2d at 665; *see also FTC v. Gem Merch. Corp.*, 87 F.3d 466, 468 (11th Cir. 1996) (agreeing that "section 13(b) carries with it the full range of equitable remedies, including the power to grant consumer redress and compel disgorgement of profits.").

relief in this case; in other words, Defendants are challenging whether the relief sought is over broad and punitive as applied to the facts of this case. These arguments relate to the nature and scope of the equitable remedies that may be appropriate if Defendants are found liable. This is an inherently "fact-specific inquiry that is not appropriately resolved on a motion to strike."[67]

ASI Defendants also assert Plaintiffs "have an adequate remedy at law, therefore, injunctive relief would be inappropriate and is precluded." Section 13(b) of the FTC Act authorizes injunctive relief and other ancillary equitable remedies.[68] The availability of a legal remedy, including the existence of legal remedies for individual consumers under state law, does not prevent the FTC from seeking equitable relief under the FTC Act.[69] Although there is authority finding this defense to be without merit, the Court is hesitant to strike it on this basis without having more information about Defendants' argument, including what "adequate remedy at law" Defendants contend is available. Moreover, Plaintiffs have not demonstrated they are prejudiced by Defendants' assertion of this defense.[70]

---

[67] *FTC v. Rawlins & Rivera, Inc.*, No. 06:07-cv-146-Orl-18KRS, 2007 WL 1730091, at *2–*3 (M.D. Fla. June 14, 2007); *see also Think All Publ'g, L.L.C.*, 564 F. Supp. 2d at 666 (declining to strike affirmative defense that the damages sought were not reasonably or proportionally related to the alleged actionable conduct because such defense sought to define the scope of relief the FTC may obtain).

[68] 15 U.S.C. § 53(b).

[69] *FTC v. Bronson Partners, LLC*, No. 3:04 CV 1866 (SRU), 2006 WL 197357, at *2–*3 (D. Conn. Jan. 25, 2006) (striking an affirmative defense that there was an "adequate remedy at law"); *see also FTC v. Hang-Ups Art Enters., Inc.*, No. CV 95-0027 RMT, 1995 WL 914179, at *4 (C.D. Cal. Sept. 27, 1995) (striking defense that "[p]laintiff is not entitled to injunctive relief in that there is an adequate remedy at law").

[70] Plaintiffs cite authority from the Southern District of West Virginia and *Moore's Federal Practice* that they do not need to show prejudice to strike a legally insufficient defense. However, courts in Kansas require a showing of prejudice. *See e.g., Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) (stating that plaintiffs'

The Court, however, will sustain Plaintiffs' motion to strike on other grounds. As alluded to above, Defendants do not identify in their respective answers what adequate remedy at law purportedly exists. As a result, the Court finds Plaintiffs have not been given fair notice of the grounds upon which this defense rests. ASI Defendants are granted leave to amend their respective answers.

## F.     First Amendment

Each Defendant raises the following affirmative defenses:

> To the extent the information contained in Defendants' marketing materials is also found in federal government or other non-commercial sources, the FTC cannot prohibit Defendant from disseminating such information under established commercial speech jurisprudence of the First Amendment.[71]

> To the extent that the FTC seeks an order prohibiting Defendant from

---

motion to strike was without merit because plaintiffs did not argue they were prejudiced by defendants' assertion of the affirmative defenses at issue); *United States ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009) (refusing to strike affirmative defenses because plaintiff did not identify any prejudice); *Sprint Commc'ns Co. v. Big River Tel. Co.*, No. 08-2046-JWL, 2008 WL 4171595, at *1 (D. Kan. Sept. 8, 2008); *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998). Other courts have also insisted a plaintiff demonstrate prejudice before they will strike a legally insufficient defense. *See Fluid Control Prods., Inc. v. CAS Aeromotive, Inc.*, No. 4:09-CV-1667, 2010 WL 427765, at *5 (E.D. Mo. Feb. 1, 2010) (refusing to strike affirmative defense of intervening or superceding cause even though this defense appeared to fail as a matter of law because plaintiff did not demonstrate prejudice). *See also* 5C Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004) ("Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.") (citations omitted).

[71] Blackman Answer ¶ 13 (Doc. 122); Sevy Answer ¶ 13 (Doc. 123); Answer Customers Answer ¶ 11 (Doc. 126), GWI Answer ¶ 12 (Doc. 127); Affiliate Strategies Answer ¶12 (Doc. 128); Landmark Publishing Answer ¶ 12 (Doc. 129); Apex Holdings Answer ¶ 12 (Doc. 130); REBFN Defs. Answer ¶ 14 (Doc. 131).

disseminating information which the FTC believes is "unsubstantiated," such request should be denied because Defendant has a First Amendment right to disseminate such information.[72]

It is well established that false or misleading commercial speech receives no protection under the First Amendment and may be regulated.[73] However, the Government bears the burden of proving the speech it seeks to prohibit is unprotected.[74] In the first defense listed above, Defendants are challenging whether certain speech at issue is deceptive and violates the First Amendment. Accordingly, the Court declines to strike this affirmative defense.[75]

Defendants also challenge whether Plaintiffs can prohibit the dissemination of "unsubstantiated" information. They contend this constitutes an impermissible prior restraint on protected commercial speech because "unsubstantiated" does not necessarily equate to misleading or false. This argument appears to be without merit. The FTC's advertising substantiation

---

[72] Blackman Answer ¶ 35(Doc. 122); Sevy Answer ¶ 35 (Doc. 123); Answer Customers Answer ¶ 30 (Doc. 126), GWI Answer ¶ 31(Doc. 127); Affiliate Strategies Answer ¶ 31(Doc. 128); Landmark Publishing Answer ¶ 31 (Doc. 129); Apex Holdings Answer ¶ 31 (Doc. 130); REBFN Defs. Answer ¶ 17 (Doc. 131).

[73] *United States v. Benson*, 561 F.3d 718, 725 (7th Cir. 2009) (citing *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 562–63 (1980)); *Bristol-Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984).

[74] *Illinois ex rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 620 n.9 (2003).

[75] *See In re Dynamic Health of Florida*, No. 9317, 2004 FTC LEXIS 240, at *1 (Nov. 9, 2004) (refusing to strike affirmative defense that representations at issue qualify as protected commercial speech under the First Amendment); *FTC v. Bronson Partners, LLC*, No. 3:04 CV 1866 (SRU), 2006 WL 197357, at *2 (D. Conn. Jan. 25, 2006) (denying FTC's motion to strike defense grounded in First Amendment protections because "Although the defense may prove unsuccessful if the plaintiffs establish a violation of the FTC Act . . . there may be a set of facts that support the defendants' claim that their actions are protected by the First Amendment.")

requirements have withstood repeated First Amendment challenges.[76] However, the Court will not strike this defense because Plaintiffs have not demonstrated they have been prejudiced by its assertion.

## G.    Due Process

Defendants assert Plaintiffs have deprived them of due process of law in bringing and pursuing this action.[77] The Due Process Clause of the United States Constitution requires that an individual be afforded the opportunity for a hearing before being deprived of any significant property interest.[78] Defendants do not address this defense in their respective responses to the instant motion, and the Court does not understand how bringing and pursuing this action purportedly denied Defendants due process of law. Accordingly, the Court sustains Plaintiffs' motion to strike because this defense as currently pled does not provide fair notice of the defense. Defendants are granted leave to amend their respective answers to more fully describe the nature of the alleged due

---

[76] *Sears, Roebuck & Co. v. FTC*, 676 F.2d 385, 399–400 (9th Cir. 1982) ("[T]he Commission may require prior reasonable substantiation of product performance claims after finding violations of the [FTC] Act, without offending the first amendment."); *Bristol-Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984) ("Nor is the prior substantiation doctrine as applied here in violation of the First Amendment."); *Jay Norris, Inc. v. FTC*, 598 F.2d 1244, 1251–52 (2d Cir.), *cert. denied*, 444 U.S. 980 (1979) ("The use of the requirement of substantiation as regulation is clearly permissible. . . . because the FTC here imposes the requirement of prior substantiation as a reasonable remedy for past violations of the Act, there is no unconstitutional prior restraint of petitioners' protected speech."); *see also* Order, *FTC v. A. Glenn Braswell*, No. CV 03-3700DT (C.D. Cal. Nov. 10, 2003) (striking affirmative defense that substantiation requirements violate the First Amendment because such requirements have been upheld by numerous circuits).

[77] Blackman Answer ¶ 26 (Doc. 122); Sevy Answer ¶ 26 (Doc. 123); Answer Customers Answer ¶ 21 (Doc. 126), GWI Answer ¶ 22 (Doc. 127); Affiliate Strategies Answer ¶ 22 (Doc. 128); Landmark Publishing Answer ¶ 22 (Doc. 129); Apex Holdings Answer ¶ 22 (Doc. 130); REBFN Defs. Answer ¶ 21 (Doc. 131).

[78] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

process violation.

Defendants also assert the regulatory standards governing advertising law violate the due process clause of the Fifth Amendment because they are unconstitutionally vague.[79] Defendants argue the regulatory standards being enforced are so ill-defined that they are unconstitutionally vague. Plaintiffs do not address this defense in their motion to strike. Accordingly, they have not demonstrated this defense is legally insufficient.

However, the Court sustains Plaintiffs' motion to strike because Defendants have not properly pled this defense. For example, it is unclear whether Defendants are challenging the federal statutes, the state statutes, or both the federal and state statutes. The Court grants Defendants leave to amend their respective answers to specify which statutes or regulations they contend are purportedly unconstitutionally vague.

**H.     Good Faith**

Defendants assert they operated in good faith:

> Each of plaintiffs' purported claims are barred in whole or in part because defendant, in good faith, took reasonable actions to prevent or terminate the occurrence of any allegedly unfair or deceptive practices.[80]

> Defendant has acted in good faith and in a manner that is reasonable and justified.[81]

---

[79] Blackman Answer ¶ 36 (Doc. 122); Sevy Answer ¶ 36 (Doc. 123); Answer Customers Answer ¶ 31 (Doc. 126), GWI Answer ¶ 32 (Doc. 127); Affiliate Strategies Answer ¶ 32 (Doc. 128); Landmark Publishing Answer ¶ 32 (Doc. 129); Apex Holdings Answer ¶ 32 (Doc. 130); REBFN Defs. Answer ¶ 18 (Doc. 131).

[80] All Defendants at ¶ 5, except REBFN at ¶ 11.

[81] Blackman Answer ¶ 28 (Doc. 122); Sevy Answer ¶ 28 (Doc. 123); Answer Customers Answer ¶ 23 (Doc. 126), GWI Answer ¶ 24 (Doc. 127); Affiliate Strategies Answer ¶ 24 (Doc. 128); Landmark Publishing Answer ¶ 24 (Doc. 129); Apex Holdings Answer ¶ 24 (Doc. 130);

> Defendant exercised reasonable diligence to uncover allegedly deceptive activities prior to the filing of this lawsuit.[82]

> Defendant's attempts to uncover allegedly unfair practices or deceptive activities were thwarted by others.[83]

Good faith is not a defense for violations of section 5 of the FTC Act.[84]  Although not relevant to determining liability under the FTC Act, good faith is relevant to determining an appropriate remedy.[85]  The granting of a permanent injunction against defendants requires that "there exists some cognizable danger of recurrent violation."[86]  To determine whether the alleged violations are likely to recur, courts generally look to two general factors: (1) the deliberateness and seriousness of the present violation, and (2) the violator's past record with respect to unfair advertising practices.[87]  Good faith on the part of the Defendants is relevant to the first factor and could preclude injunctive relief.[88]  As a result, various courts have refused to strike an affirmative

REBFN Defs. Answer (Doc. 131) ¶ 10 (asserting analogous claim: "At all time relevant herein, Defendants acted in good faith.").

[82] Blackman Answer ¶ 17 (Doc. 122); Sevy Answer ¶ 17 (Doc. 123).

[83] Blackman Answer ¶ 18 (Doc. 122); Sevy Answer ¶ 18 (Doc. 123).

[84] *FTC v. Hang-Ups Art Enters., Inc.*, No. CV 95-0027 RMT, 1995 WL 914179, at *3 (C.D. Cal. Sept. 27, 1995); *see also FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988); *Beneficial Corp. v. FTC*, 542 F.2d 611, 617 (3d Cir. 1976).

[85] *See Hang-Ups Art Enters., Inc.*, 1995 WL 914179, at *3.

[86] *Id*. (citations omitted).

[87] *Id*. (citations omitted).

[88] *Id*.

defense of good faith.[89]

Good faith is also relevant to a determination of individual liability.[90] Although Plaintiffs contend individual Defendants had sufficient control over Defendant corporations to be held liable, this is a question of fact that remains to be decided.[91] Accordingly, Plaintiffs' motion to strike is denied as to Defendants' good faith defense.

## I.      Consumer Releases

All Defendants assert "Plaintiffs' claims are barred in whole or in part by releases executed by some customers."[92] Defendants cite no authority that releases signed by individual consumers bar a suit brought under the FTC Act, and the Court has found no such authority. Accordingly, the Court finds this defense to be insufficient to the extent it seeks to bar the FTC from bringing this action.

However, Defendants contend any settlements in the form of refunds and the corresponding

---

[89] *See id.* (refusing to strike good faith affirmative defense to the extent it was asserted against the granting of a permanent injunction); *FTC v. Medicor LLC*, No. CV011896CBMEX, 2001 WL 765628, at *2–*3 (C.D. Cal. June 26, 2001) (denying motion to strike good faith defense because it is relevant to determining whether to issue a permanent injunction); *FTC v. Bronson Partners, LLC*, No. 3:04 CV 1866 (SRU), 2006 WL 197357, at *2 (D. Conn. Jan. 25, 2006) (denying FTC's motion to strike defense of good faith because it might be relevant to a determination of appropriate relief).

[90] *See Medicor LLC*, 2001 WL 765628, at *2–*3 (denying motion to strike good faith defense because it is relevant for determining whether to hold defendants individually liable).

[91] *See id.* at *3.

[92] Blackman Answer ¶ 34 (Doc. 122); Sevy Answer ¶ 34 (Doc. 123); Answer Customers Answer ¶ 29 (Doc. 126), GWI Answer ¶ 30 (Doc. 127); Affiliate Strategies Answer ¶ 30 (Doc. 128); Landmark Publishing Answer ¶ 30 (Doc. 129); Apex Holdings Answer ¶ 30 (Doc. 130); REBFN Defs. Answer ¶ 22 (Doc. 131) (asserting analogous claim: "Plaintiff's claims are barred in whole or in part by releases executed by some customers, or refunds paid to consumers or defendants.").

releases by consumers properly challenge the remedies sought by Plaintiffs. The Court agrees that any refunds to consumers bear upon the potential remedies in this litigation. For example, Plaintiffs cite authority that the appropriate amount of restitution is equal to total consumer sales, less any refunds.[93] Accordingly, the Court declines to strike this defense to the extent it challenges the remedies sought by Plaintiffs.

### J.  Consumers' Failure to Mitigate Damages

Defendants argue recovery is barred, in whole or in part, by consumers' failure to mitigate any damages allegedly sustained.[94] ASI Defendants concede this defense does not negate the alleged violations of the FTC Act, TSR, and the various state laws at issue. However, they contend this argument is relevant to limiting Plaintiffs' remedies based on consumer redress.

There is authority that this defense is inapplicable if Plaintiffs are seeking strictly equitable relief.[95] However, it is not clear to the Court whether any of the various state statutes at issue authorize the recovery of damages apart from equitable relief.[96] Thus, the Court is unable to determine the legal sufficiency of this defense as it relates to the remedies sought. Additionally, Plaintiffs have not demonstrated they are prejudiced by Defendants' assertion of this defense.

---

[93] Pls.' Mem. in Supp. of Mot. to Strike (Doc. 139-1) at 13.

[94] Blackman Answer ¶ 27 (Doc. 122); Sevy Answer ¶ 27 (Doc. 123); Answer Customers Answer ¶ 22 (Doc. 126), GWI Answer ¶ 23 (Doc. 127); Affiliate Strategies Answer ¶ 23 (Doc. 128); Landmark Publishing Answer ¶ 23 (Doc. 129); Apex Holdings Answer ¶ 23 (Doc. 130); REBFN Defs. Answer ¶ 9 (Doc. 131).

[95] *See FTC v. Medicor, LLC*, No. CV011896CBMEX, 2001 WL 765628, at *2 (C.D. Cal. June 26, 2001) (stating that mitigation of damages is not relevant because all relief sought by Plaintiff is equitable and dependent upon the amount of gain received by the Defendants, not the amount of loss suffered by the Plaintiff).

[96] *See* Am. Compl. ¶ 119 (Doc. 118) ("The Court may also allow the recovery of damages under Minn. Stat. § 8.31, subd. 3a, and common law.").

However, Defendants have not sufficiently pled this defense under the pleading standards of *Twombly*. Defendants state that consumers failed to mitigate their damages, but have not suggested what the consumers purportedly failed to do. This affirmative defense is too conclusory to give fair notice of the grounds upon which it rests.[97] Accordingly, the Court sustains the motion to strike this affirmative defense, but will grant Defendants leave to amend their respective answers to plead facts supporting this defense.

## K.    Causation

Defendants have asserted two affirmative defenses regarding causation.[98] Plaintiffs argue causation is not relevant because this is not an action for damages. However, as discussed above, the Court is not clear whether any state statutes authorize the payment of damages. As a result, the Court is unable to determine if this defense fails as a matter of law.[99] Even assuming Plaintiffs are not seeking damages, they have not shown they are prejudiced by Defendants' assertion of this defense.

Plaintiffs also argue this is not a true affirmative defense because it does not negate Defendants' liability. As previously discussed, the District Court of Kansas will not strike denials or other theories that have been mislabeled as affirmative defenses without a showing of prejudice

---

[97] *See Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651–52 (D. Kan. 2009) (striking affirmative defense that Plaintiffs failed to mitigate their damages because Defendant did not indicate what Plaintiffs failed to do).

[98] Blackman Answer ¶¶ 4, 8 (Doc. 122); Sevy Answer ¶¶ 4, 8 (Doc. 123); Answer Customers Answer ¶¶ 4, 8 (Doc. 126), GWI Answer ¶¶ 4, 8 (Doc. 127); Affiliate Strategies Answer ¶¶ 4, 8 (Doc. 128); Landmark Publishing Answer ¶¶ 4, 8 (Doc. 129); Apex Holdings Answer ¶¶ 4, 8 (Doc. 130); REBFN Defs. Answer ¶¶ 4, 12 (Doc. 131).

[99] *See FTC v. Hang-Ups Art Enters., Inc.*, No. CV 95-0027 RMT, 1995 WL 914179, at *4, *6 (C.D. Cal. Sept. 27, 1995) (declining to strike defenses challenging causation because Court was unable to determine if the defenses failed as a matter of law).

by the moving party.[100]

Plaintiffs further assert Defendants have not met the pleading requirements of *Twombly*. For example, Defendants assert any damages resulted from the acts or omissions of others, but do not describe those acts. The Court agrees that this affirmative defense is too conclusory to give fair notice of the grounds upon which it rests.[101] Accordingly, the Court sustains the motion to strike this affirmative defense, but will grant Defendants leave to amend their respective answers to plead facts supporting this defense.

## L.    Offsets

Defendants raise the following affirmative defense:

> Any monetary relief is subject to offset by the benefits received by consumers, costs associated with the sale of goods, and/or refunds paid to consumers. Moreover, any monetary relief requested that would go to the Government should be reduced by what the corporate defendants have paid in taxes and in postage to the U.S. Postal Service.[102]

Plaintiffs argue and cite authority that restitution is determined by the amount paid by the consumers in the illegal scheme less any amounts previously returned to consumers, such as

---

[100] *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) ("Without a showing of prejudice, the Court gives leeway to defendant in affirmatively pleading theories which do not actually constitute affirmative defenses.").

[101] *See Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651–52 (D. Kan. 2009) (striking affirmative defense that any damage to Plaintiffs was caused by a superceding or intervening act or event when Defendant did not describe what the intervening act or event was).

[102] Blackman Answer ¶ 21 (Doc. 122); Sevy Answer ¶ 21 (Doc. 123); Answer Customers Answer ¶ 16 (Doc. 126), GWI Answer ¶ 17 (Doc. 127); Affiliate Strategies Answer ¶ 17 (Doc. 128); Landmark Publishing Answer ¶ 17 (Doc. 129); Apex Holdings Answer ¶ 17 (Doc. 130); REBFN Defs. Answer ¶ 19 (Doc. 131).

refunds.[103]  Thus, Plaintiffs contend any monetary relief is not subject to offsets for benefits, costs, taxes, or postage.

It is somewhat unclear what Defendants intend to be encompassed within the term "benefits." Courts have permitted a reduction in damages for consumers who were satisfied with their purchases.  For example, in *FTC v. Amy Travel Service, Inc.*, the court affirmed the magistrate judge's decision to acknowledge satisfied customers and exclude them in the computation of the restitution damages.[104]  Based upon Defendants' response to the instant motion, this appears to be at least one type of "benefit" that Defendants seek to exclude.  Thus, at least some types of deductions that Defendants seek have been permitted.

It is unclear whether Defendants seek an across the board offset for the value of the goods or services provided to consumers.  To the extent they intend to do so, there is authority rejecting this type of offset.[105]  However, as demonstrated by *FTC v. Bronson Partners, LLC*, this issue is

---

[103] *See FTC v. Renaissance Fine Arts, Ltd.*, No. 1:94CV0157, 1995 WL 523619, at *2 (N. D. Ohio Aug. 10, 1995) (stating that the appropriate amount of restitution in consumer redress cases is the full purchase price of the product, less any refunds paid); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 570 (7th Cir. 1989) (affirming restitution award based on the amount consumers paid for the offending products); *FTC v. Febre*, 128 F.3d 530, 536 (7th Cir. 1997) (holding that consumers' losses, not defendants' net profits, are the proper measure of redress). Some courts phrase the inquiry slightly different and focus on the amount of defendant's unjust gain or enrichment, not the consumer's loss.  *See FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 67 (2d Cir. 2006).  In many cases, the defendant's gain will be equal to the consumer's loss because the consumer buys goods or services directly from the defendant.  *Id.*  However, the amounts might differ when a middleman who is not a party to the lawsuit takes some of the consumer's money before it reaches the defendant's hands.  *Id.*

[104] *Amy Travel Serv., Inc.*, 875 F.2d at 572; *see also FTC v. H.G. Kuykendall*, 371 F.3d 745, 766 (10th Cir. 2004) (in civil contempt action, holding that defendant must be allowed to put forth evidence that customers were wholly satisfied with their purchases to offset sanctions against them).

[105] *See FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993) (in a Section 19 proceeding, upholding district's court refusal to offset monetary relief by the value of the

better determined after further factual development. In *Bronson Partners, LLC*, the court refused to strike Defendants' affirmative defense that any monetary relief should be offset by the benefit received by consumers.[106] The court ultimately declined to reduce the monetary relief because it determined the consumers did not actually receive any value from defendants' products.[107] The court made this determination only after the facts of that case were developed. Accordingly, the Court finds it premature to strike this defense.

Defendants also seek an offset for the costs associated with the sale of goods and for postage and income taxes paid to the government. The Court has found some authority indicating these items are not proper offsets. For example, in *Bronson*, the court declined to offset monetary relief for postage and income taxes paid to the government and for the costs incurred in perpetrating the fraud.[108] This Court is hesitant to conclude the legal insufficiency of this theory is "clearly apparent"

---

offending product because "[t]he fraud in the selling, not the value of the thing sold, is what entitles consumers . . . to full refunds"); *FTC v H.G. Kuykendall*, 371 F.3d at 766 (in contempt proceeding, upholding district court's refusal to offset defendants' gross receipts by the purported value of the products the consumers received); *FTC v. Trudeau*, 579 F.3d 754, 774 n.16 (7th Cir. 2009) (stating that if consumer loss is to be the measure of monetary relief, the award amount need not be reduced by the "value" of the offending products); *McGregor v. Chierico*, 206 F.3d 1378, 1388–89 (11th Cir. 2000) (in contempt proceeding, upholding district court's refusal to offset monetary relief by value of products received by consumers because "[w]hile it may be true that the defrauded businesses received a useful product . . . the central issue here is whether the seller's misrepresentations tainted the customer's purchasing decisions.").

[106] *FTC v. Bronson Partners, LLC*, No. 3:04 CV 1866 (SRU), 2006 WL 197357, at *2 (D. Conn. Jan 25, 2006).

[107] *FTC v. Bronson Partners, LLC*, No. 3:04cv1866, 2009 WL 4730752, at *9 (D. Conn. Dec. 4, 2009).

[108] *Id.* (declining to offset monetary relief by postage and income taxes paid to the government and for the costs incurred in perpetrating the fraud); *see also FTC v. SlimAmerica, Inc.*, 77 F. Supp. 2d 1263, 1276 (S.D. Fla. 1999) ("Costs incurred by the defendants in the creation and perpetration of the fraudulent scheme will not be passed on to the victims."); *FTC v.*

based upon the limited case law it has found.  Notably, the court in *Bronson* refused to strike these defenses in the early stages of litigation.[109]  Additionally, Plaintiffs have not shown they are prejudiced by Defendants' assertion of this defense.  Accordingly, the Court will not strike Defendants' offset defense.

### M.  Statute of Limitations

REBFN Defendants assert Plaintiffs' claims are barred by the applicable statutes of limitations.[110]  Plaintiffs assert there is no statute of limitations applicable to claims brought under Section 13(b) of the FTC Act.

A statute of limitations defense cannot be asserted against the government unless the statute in question contains an express limitations period.[111]  No limitations period is included in Section 13(b) of the FTC Act.  Accordingly, it does not appear that there is a statute of limitations applicable to claims brought under Section 13(b) of the FTC Act.[112]

REBFN Defendants appear to concede there is no statute of limitations under Section 13(b) of the FTC Act.  However, they contend some of the claims brought by the State Plaintiffs under the consumer protection statutes at issue are barred by statutes of limitation.  For example, REBFN Defendants argue any penalties under the Kansas Consumer Protection statute are subject to a one-year statute of limitations.  Plaintiffs have not addressed the relevant state statutes in the instant

---

*Febre*, 128 F.3d 530, 536 (7th Cir. 1997) (holding that consumers' losses, not defendants' net profits, are the proper measure of redress).

[109] *Bronson Partners, LLC*, 2006 WL 197357, at *2.

[110] REBFN Defs. Answer ¶ 3 (Doc. 131).

[111] *United States v. Weintraub*, 613 F.2d 612, 619–20 (6th Cir. 1979).

[112] *FTC v. Minutemen Press*, 53 F. Supp. 2d 248, 263 (E.D.N.Y. 1998).

motion. As a result, they have not met their burden to show this defense is legally insufficient as applied to the state law claims.

However, REBFN Defendants have not sufficiently pled this defense under the pleading standard of *Twombly*. For example, REBFN Defendants do not refer to any dates or time period in their answer.[113] Accordingly, the Court sustains the motion to strike this affirmative defense, but will grant Defendants leave to amend their respective answers to plead facts supporting this defense.

## N.    Denials

Plaintiffs also seek to strike several affirmative defenses because they are purportedly mere denials and not bona fide defenses. These include the following:

> Plaintiffs have not established and cannot establish a likelihood of success on the merits of their purported claims.
>
> Plaintiffs' requested injunctive relief has and will continue to inflict irreparable harm.
>
> The contemplated relief would not be in the public interest.
>
> The balance of harms does not favor an award of the injunctive relief requested by plaintiffs.[114]
>
> The circumstances surrounding the acts and practices alleged demonstrates that an injunction against defendant would not be equitable or in the public interest.[115]

---

[113] *See Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651–52 (D. Kan. 2009) (striking affirmative defense based upon statute of limitations when defendant did not include any dates or time period in its answer).

[114] Blackman Answer ¶¶ 30–33 (Doc. 122); Sevy Answer ¶¶ 30–33 (Doc. 123); Answer Customers Answer ¶¶ 25–28 (Doc. 126), GWI Answer ¶¶ 26–29 (Doc. 127); Affiliate Strategies Answer ¶¶ 26–29 (Doc. 128); Landmark Publishing Answer ¶¶ 26–29 (Doc. 129); Apex Holdings Answer ¶¶ 26–29 (Doc. 130).

[115] Blackman Answer ¶ 15 (Doc. 122); Sevy Answer ¶ 15 (Doc. 123); Answer Customers Answer ¶ 13 (Doc. 126), GWI Answer ¶ 14 (Doc. 127); Affiliate Strategies Answer ¶ 14 (Doc.

Defendant's representations, if any, did not constitute material misrepresentations in the context of the entire marketing program(s).[116]

Consumers could have reasonably avoided the injuries allegedly sustained.[117]

To the extent any consumers suffered any injury arising from Defendants' acts or omissions, those consumers could have reasonably avoided the alleged injuries that they sustained.[118]

Defendant did not participate in any of the acts, practices or conduct alleged, nor did it control or have the ability to control the acts, practices, or conduct alleged.[119]

Defendant has not participated in any activities related to the processing of payments for the telemarketing or grant services industry.[120]

Defendant did not participate in mailings that allegedly contained deceptive misrepresentations.[121]

---

128); Landmark Publishing Answer ¶ 14 (Doc. 129); Apex Holdings Answer ¶ 14 (Doc. 130).

[116] Blackman Answer ¶ 23 (Doc. 122); Sevy Answer ¶ 23 (Doc. 123); Answer Customers Answer ¶ 18 (Doc. 126), GWI Answer ¶ 19 (Doc. 127); Affiliate Strategies Answer ¶ 19 (Doc. 128); Landmark Publishing Answer ¶ 19 (Doc. 129); Apex Holdings Answer ¶ 19 (Doc. 130); REBFN Defs. Answer ¶ 15 (Doc. 131).

[117] All Defendants at ¶ 9 except REBFN Defendants. REBFN Defendants asserted an analogous defense in ¶ 13 but they have abandoned this defense. *See* REBFN Defs.' Mem. of Law in Opp'n to Pls.' Mot. to Strike Aff. Defenses (Doc. 150) at 5 n.3.

[118] REBFN Defs. Answer ¶ 6 (Doc. 131).

[119] All Defendants at ¶ 6 except REBFN Defendants. REBFN Defendants asserted an analogous defense in ¶ 5 but they have abandoned this defense. *See* REBFN Defs.' Mem. of Law in Opp'n to Pls.' Mot. to Strike Aff. Defenses (Doc. 150) at 5 n.3.

[120] Blackman Answer ¶ 12 (Doc. 122); Sevy Answer ¶ 12 (Doc. 123); GWI Answer ¶ 11 (Doc. 127); Affiliate Strategies Answer ¶ 11 (Doc. 128); Landmark Publishing Answer ¶ 11 (Doc. 129); Apex Holdings Answer ¶ 11 (Doc. 130).

[121] Blackman Answer ¶ 11 (Doc. 122); Sevy Answer ¶ 11 (Doc. 123).

Defendant never, individually or in concert with others, formulated, directed, controlled, or participated in the acts alleged.[122]

Defendant had no actual or constructive knowledge of the alleged unlawful practices . . .[123]

Defendant did not knowingly provide substantial assistance or support to telemarketers who allegedly engaged in the unfair or fraudulent practices.[124]

Defendant reasonably relied on the representations of others and did not willfully, knowingly or intentionally make any material misrepresentations.[125]

Defendant denies joint and several liability.[126]

Venue is not proper in this District . . .[127]

As discussed above, decisions within this District reflect that denials or other theories that

have been mislabeled as affirmative defenses will not be stricken absent a showing of prejudice by

---

[122] Blackman Answer ¶ 20 (Doc. 122); Sevy Answer ¶ 20 (Doc. 123).

[123] Blackman Answer ¶ 37 (Doc. 122); Sevy Answer ¶ 37 (Doc. 123).

[124] All Defendants at ¶ 10 except Answer Customers and REBFN Defs.

[125] Blackman Answer ¶ 24 (Doc. 122); Sevy Answer ¶ 24 (Doc. 123); Answer Customers Answer ¶ 19 (Doc. 126), GWI Answer ¶ 20 (Doc. 127); Affiliate Strategies Answer ¶ 20 (Doc. 128); Landmark Publishing Answer ¶ 20 (Doc. 129); Apex Holdings Answer ¶ 20 (Doc. 130); REBFN Defs. Answer ¶ 8 (Doc. 131).

[126] Blackman Answer ¶ 22 (Doc. 122); Sevy Answer ¶ 22 (Doc. 123); Answer Customers Answer ¶ 17 (Doc. 126); GWI Answer ¶ 18 (Doc. 127); Affiliate Strategies Answer ¶ 18 (Doc. 128); Landmark Publishing Answer ¶ 18 (Doc. 129); Apex Holdings Answer ¶ 18 (Doc. 130); REBFN Defs. Answer ¶ 20 (Doc. 131).

[127] Answer Customers Answer ¶ 17 (Doc. 126). REBFN Defendants asserted an analogous defense in ¶ 2 but they have abandoned this defense. *See* REBFN Defs.' Mem. of Law in Opp'n to Pls.' Mot. to Strike Aff. Defenses (Doc. 150) at 5 n.3.

the moving party.[128]  Consistent with court decisions within the District of Kansas, other district courts have refused to strike affirmative defenses that are actually denials.[129]  Plaintiffs have not demonstrated any prejudice were the Court to refuse to strike these defenses, nor can they do so. Defendants' denials already put the matters raised by these purported defenses at issue.[130]  In other words, Plaintiffs must still address and litigate the denials that make the affirmative defenses supposedly redundant.[131]  Accordingly, the Court declines to strike these theories.

### O.    Reservation to Assert Additional Defenses

As a final "Affirmative Defense," ASI Defendants contend they reserve the right to assert additional affirmative defenses as facts are uncovered during further investigation and discovery.[132]

---

[128] *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) ("Without a showing of prejudice, the Court gives leeway to defendant in affirmatively pleading theories which do not actually constitute affirmative defenses.").

[129] *See Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *9–*10 (N.D. Cal. Sept. 20, 2006) (denying motion to strike denials improperly pled as defenses because there was no prejudice to the moving party and stating that the defenses should be treated as actual denials); *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N. D. Ill. 1982) ( "[T]he cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials."); *Sender v. Mann*, 423 F. Supp. 2d 1155, 1164 (D. Colo. 2006) ("Since it is often unclear whether a defendant should properly plead an argument as a denial or a defense, and because a defense not plead is waived, a 'cautious pleader' will often err on the side of labeling an argument as a defense.  There is no reason to penalize such a mistaken pleading by granting a motion to strike.") (citing *Bobbitt*, 532 F. Supp. at 736); *FTC v. Rawlins & Rivera, Inc.*, No. 6:07-cv-146-Orl-18KRS, 2007 WL 1730091, at *2 (M.D. Fla. June 14, 2007) (declining to strike affirmative defenses that arguably duplicate denials made in the answer because there was no prejudice to the FTC).

[130] *Rawlins & Rivera, Inc.*, 2007 WL 1730091, at *2.

[131] *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1247 (N.D. Ill. 1991).

[132] Blackman Answer ¶ 38 (Doc. 122); Sevy Answer ¶ 38 (Doc. 123); Answer Customers Answer ¶ 32 (Doc. 126), GWI Answer ¶ 33 (Doc. 127); Affiliate Strategies Answer ¶ 33 (Doc. 128); Landmark Publishing Answer ¶ 33 (Doc. 129); Apex Holdings Answer ¶ 33 (Doc. 130).

Defendants' right, if any, to asset additional affirmative defenses is governed by Fed. R. Civ. P. 15. Rule 15(a) provides that when more than twenty days have passed since service of a pleading, a party may amend its pleading only by leave of court or by written consent of the adverse party. The Court interprets this defense as merely reserving the right to seek leave from the Court. There is authority both granting and denying motions to strike similar affirmative defenses.[133] Because Plaintiffs have not demonstrated any prejudice, the Court declines to strike this defense.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses (Doc. 139) is granted in part and denied in part as described above. As previously discussed, Plaintiffs were granted leave to file a Second Amended Complaint on or before June 25, 2010. Should Plaintiffs file a Second Amended Complaint, any answer by Defendants asserting the affirmative defenses discussed herein shall comply with this Order. Likewise, if Plaintiffs do not file a Second Amended Complaint, in conformity with this Order, Defendants shall file amended answers to Plaintiffs' Amended Complaint by July 2, 2010.

---

[133] *Compare FTC v. Bronson Partners, LLC*, No. 3:04 CV 1866 (SRU), 2006 WL 197357, at *3–*4 (D. Conn. Jan. 25, 2006) (denying motion to strike defendants' reservation of right to add affirmative defenses because defendants retain the right to seek leave of the court to amend their answer), *and Vanderveen v. Allstate Ins. Co.*, No. 3:05 CV 469 WCS, 2006 WL 1805891, at *2 (N.D. Fla. May 3, 2006) (recommending the court deny a motion to strike a reservation of rights to assert additional affirmative defenses), *with FTC v. Stefanchik*, No. C04-1852RSM, 2004 WL 5495267, at *3 (W.D. Wash. Nov. 12, 2004) (striking that defendants reserved the right to assert additional affirmative defenses because this was not a defense to the allegations in the complaint), *and FTC v. Bay Area Bus. Council, Inc.*, No. 02 C 5762, 2003 WL 21003711, at *3 (N.D. Ill. May 1, 2003) (striking statement that defendants reserved the right to add other affirmative defenses).

**IT IS SO ORDERED**.

Dated this 8th day of June, 2010, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
