## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

FEDERAL TRADE COMMISSION,
STATES OF ILLINOIS, KANSAS,
MINNESOTA, and NORTH CAROLINA,

      Plaintiffs,

      v.

AFFILIATE STRATEGIES, INC., *et al.*

      Defendants.

**Case No. 5:09-CV-04104-JAR-KGS**

**ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANTS REAL ESTATE BUYERS NETWORK, LLC, AND MARTIN NOSSOV**

THIS CAUSE came before the Court upon the motion of Plaintiffs Federal Trade Commission ("FTC" or "Commission"), and the States of Illinois, Kansas, Minnesota, and North Carolina ("Plaintiffs") for summary judgment pursuant to Fed. R. Civ. P. 56(a) against Defendants Real Estate Buyers Financial Network LLC ("REBFN"), Martin Nossov, Alicia Nossov, Wealth Power Systems, Aria Financial Services, Justin Ely, and Meggie Chapman.

Summary judgment briefing was completed on February 4, 2011. Having duly considered Plaintiffs' motion, Defendants' opposition thereto, Plaintiffs' reply, and the entire record herein, it is **ORDERED** that Plaintiffs' motion is **GRANTED** in part and **DENIED** in part as against REBFN and Martin Nossov (collectively referred to hereinafter as "Defendants") for the reasons set forth in the Court's Memorandum Order, issued on July 26, 2011 (Docket No. 390), which is incorporated herein by reference. **AND IT IS FURTHER ORDERED, ADJUDGED**, and **DECREED** as follows:

## FINDINGS

1.    This Court has jurisdiction of the subject matter of this case and of the parties hereto

pursuant to 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), 6105(b), and 28 U.S.C. §§ 1331,

1337(a), and 1345.

2.    Venue is proper in the District of Kansas as to all parties subject to this Order.

3.    The activities of Defendants are in or affecting commerce, as defined in the FTC Act,

15 U.S.C. § 44.

4.    The Second Amended Complaint states a claim upon which relief may be granted against

Defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b),

and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101 - 6108, and the Kansas Consumer

Protection Act, K.S.A. 50-623, *et seq.*; Minn. Stat. §§ 8.01 & 8.31; the Minnesota

Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-325D.48; Minn. Stat. §

325F.67; the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68-

325F.70; and Minn. Stat. § 325F.71, subd. 2 (2008); the North Carolina Unfair and

Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.*; and the Illinois

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*

5.    Defendants have violated Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C.

§§ 45(a), 53(b), and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101 - 6108; the Kansas

Consumer Protection Act, K.S.A. 50-623, *et seq.*; Minn. Stat. §§ 8.01 & 8.31; the

Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-325D.48;

Minn. Stat. § 325F.67; the Minnesota Prevention of Consumer Fraud Act, Minn. Stat.

§§ 325F.68-325F.70; and Minn. Stat. § 325F.71, subd. 2 (2008); the North Carolina

Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.*; and the

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*,

as alleged in Counts II, III, IV, VII, IX, X, XI, XIII, XIV, XV, XVII, and XVIII against Defendants contained in Plaintiffs' Second Amended Complaint.

6.    Entry of this Order for Permanent Injunction ("Order") is in the public interest.  It is also appropriate in light of Defendants' violations of Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101 - 6108; the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.*; Minn. Stat. §§ 8.01 & 8.31; the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43- 325D.48; Minn. Stat. § 325F.67; the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68-325F.70; and Minn. Stat. § 325F.71, subd. 2 (2008); the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 *et seq.*; and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.    "**Asset**" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), and all chattel, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, reserve funds, and cash, wherever located.

2.    **"Assisting others"** includes, but is not limited to, providing any of the following goods or services to another entity:  (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any promotional material; (3)

providing names of, or assisting in the generation of, potential customers; (4) performing

promotional or marketing services of any kind; or (5) providing fulfillment services.

3. **"Clear and conspicuous"** statement, or a statement presented "clearly and

conspicuously" means:

a. in print communications, the message shall be in a type size and location

sufficiently noticeable for an ordinary consumer to read and comprehend it, in

print that contrasts with the background against which it appears;

b. in oral communications, the message shall be delivered in a volume and cadence

sufficient for an ordinary consumer to hear and comprehend it;

c. in communications made through an electronic medium (including but not limited

to television, video, radio, and interactive media, including but not limited to the

Internet, online services, and software), the message shall be presented

simultaneously in both the audio and visual portions of the communication.  In

any communication presented solely through visual or audio means, the message

may be made through the same means in which the communication is presented.

In any communication disseminated by means of an interactive electronic

medium, including but not limited to software, the Internet, or online services, a

disclosure must be unavoidable and presented prior to the consumer incurring any

financial obligation.  Any audio message shall be delivered in a volume and

cadence sufficient for an ordinary consumer to hear and comprehend it.  Any

visual message shall be of a size and shade, with a degree of contrast to the

background against which it appears, and shall appear on the screen for a duration

and in a location sufficiently noticeable for an ordinary consumer to read and

comprehend it; and

    d.    regardless of the medium used to disseminate it, the message shall be in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

4.    "**Corporate Defendant**" means Real Estate Buyers Financial Network, LLC and its successors and assigns.

5.    "**Defendants**" means the Corporate Defendant and Martin Nossov, individually, collectively, or in any combination.

6.    "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, WebPages, Websites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated.  A draft or non-identical copy is a separate document within the meaning of the term.

7.    "**Individual Defendant**" means Martin Nossov.

8.    "**Money-Making Opportunities**" means any good or service represented to enable consumers or to assist consumers to earn income, or to obtain grants, monetary assistance, scholarships, employment, or business opportunities.

9.   **"Negative Option Feature"** means, in an offer or agreement to sell or provide any product or service, a provision under which the consumer's silence or failure to take an affirmative action to reject products or services or to cancel the agreement is interpreted by the seller or provider as acceptance of the offer.  Offers or agreements with Negative Option Features include, but are not limited to:  (i) free or introductory price trial offers in which the consumer receives a product or service for free or at a nominal or introductory price for an initial period and will incur an obligation to pay or pay a greater amount for the product or service if he or she does not take affirmative action to cancel, reject, or return the product or service before the end of that period; (ii) continuity plans in which, subsequent to the consumer's agreement to the plan, the seller or provider automatically ships products to a consumer unless the consumer notifies the seller or provider within a certain time not to ship the products; and (iii) automatic renewal plans in which the seller or provider automatically renews the agreement and charges the consumer unless the consumer cancels before the renewal.

10.  **"Plaintiffs"** means the Federal Trade Commission, and the States of Kansas, Minnesota, North Carolina, and Illinois.

11.  **"Receiver"** means Larry E. Cook.

12.  **"Receivership Defendants"** means Affiliate Strategies, Inc., Landmark Publishing Group, LLC (d/b/a G.F. Institute and Grant Funding Institute), Grant Writers Institute, LLC, Answer Customers, LLC, and Apex Holdings International, LLC.

13.  **"Representatives"** shall have the same scope as Federal Rule of Civil Procedure 65(d)(2), and means Defendants' officers, agents, servants, employees, and

attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

14. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call, whether or not covered by the Telemarketing Sales Rule.

15. **"Telemarketing Sales Rule"** means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310.

**ORDER**

**I.**

**PROHIBITION ON VIOLATION OF THE TELEMARKETING SALES RULE**

**IT IS FURTHER ORDERED** that Defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby permanently restrained and enjoined from:

A.     engaging in or assisting others in engaging in violations of the Telemarketing Sales Rule by, including but not limited to:

1.     misrepresenting, directly or by implication, in the sale of goods or services any material information about the goods or services Defendants or their representatives sell;

2.     failing to disclose truthfully and in a clear and conspicuous manner, before a customer pays for goods or services offered, material information related to the offer;

3.  making a false or misleading statement to induce any person to pay for

goods or services; and

B.  if the Commission amends the Telemarketing Sales Rule, in whole or part, failing

to comply fully and completely with all applicable requirements of the amended

Rule, on and after the effective date of any such amended Rule.

## II.

## PROHIBITED REPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting

directly or through any entity, corporation, subsidiary, division, affiliate, or other device, in

connection with the advertising, marketing, promotion, offering for sale, or sale of any good or

service, specifically including but not limited to any Money-Making Opportunities, are hereby

permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting,

expressly or by implication, any material fact, including but not limited to:

A.  Any material aspect of the nature or terms of any refund, cancellation, exchange,

or repurchase policy, including, but not limited to, the likelihood of a consumer

obtaining a full or partial refund, or the circumstances in which a full or partial

refund will be granted to the consumer;

B.   The total costs to purchase, receive, or use, and the quantity of, the good or

service;

C.   Any material restriction, limitation, or condition to purchase, receive, or use the

good or service;

D.  Any material term, condition, or limitation, of any offer with a Negative Option

Feature; and

E.      Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

## III.

## SUBSTANTIATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any good or service, in or affecting commerce are hereby permanently restrained and enjoined from making, or assisting others in making, any representation, in any manner, expressly or by implication, including through the use of endorsements, about the performance or efficacy of the product or service unless the representation is true, non-misleading, and, at the time the representation is made, the Defendants possess and rely upon competent and reliable evidence that substantiates the representation.

## IV.

## REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any partnership, corporation, subsidiary, division, or other device, in connection with the manufacturing, labeling, advertising, promoting, marketing, offering for sale, sale, or distribution of any good or service are hereby permanently restrained and enjoined from failing to:

A.      Clearly and conspicuously disclose, before consumers are asked to pay money, submit consideration, or reveal billing information:

1.      All fees and costs;

2.    All material restrictions, limitations, or conditions applicable to the purchase, receipt, or use of the goods or services that are part of the offer (including but not limited to any promotion associated with free goods or services, or goods or services available on a trial basis);

3.    All material terms and conditions of any cancellation or refund policy, including but not limited to informing consumers if no cancellations or refunds are permitted; and

4.    All material terms and conditions of any offer with a Negative Option Feature, including but not limited to:

    a.    The fact that the customer's account will be charged unless the customer takes affirmative action to avoid the charges;

    b.    The dollar amount of the first payment and when it will be charged, withdrawn, or become due; the dates or frequency (*e.g.*, monthly, quarterly) of all subsequent charges or payment(s); and the dollar amount or range of costs of all subsequent charges or payments;

    c.    When any trial period begins; the length of any trial period; the specific steps and means by which a cancellation request must be submitted; and the date by, or time period within which, a cancellation request must be received to avoid a charge;

    d.    The length of any renewal period; the manner in which a notice not to ship or renew must be submitted; the date by or time period within which a notice not to ship or renew must be received to avoid shipment or renewal (*e.g.,* two weeks after the consumer is

advised of an upcoming shipment or renewal); and the telephone number, email address, or street address to which such a notice must be directed; and

e.  All material conditions, limitations, and restrictions on the ability of the consumer to use any good or service that is offered as "free," "risk-free," "without obligation," or "discounted," or offered using words of similar import denoting or implying the absence of any obligation; and

B.  For any transaction involving a service, within the lesser of ten (10) days after the date of the transaction or half the time of any trial period, send the consumer written confirmation of the transaction, identified in a clear and conspicuous manner on the outside of the envelope, via first class mail that includes all the information required by Subsection A of this Section and a clear and conspicuous statement of the procedures by which the consumer can cancel or obtain a refund;

C.  For any transaction involving a product, provide written confirmation of the transaction with the first product shipment that includes all of the information required by Subsection A of this Section and a clear and conspicuous statement of the procedures by which the consumer can cancel or obtain a refund; and

D.  At least thirty (30) days prior to renewing a consumer's membership, subscription, or agreement to purchase for any service (in the case of a membership, subscription, or agreement whose term is six (6) months or longer) and prior to the submission for payment of a consumer's billing information for such services, send the consumer written confirmation of such renewal, identified in a clear and conspicuous manner on the outside of the envelope, via first class

mail, that includes all of the information required by this Section and a clear and conspicuous statement of the procedures by which the consumer can cancel such renewal.

## V.

**PROHIBITION AGAINST VIOLATION OF CERTAIN STATE LAWS**

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are restrained and enjoined from violating:

A.   Illinois laws, including the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*;

B.   Kansas laws, including the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq.;*

C.   Minnesota laws, including:

    1.   The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43 – 325D.48;

    2.   Minn. Stat. §§ 325F.67;

    3.   The Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68 - 325F.70; and

    4.   Minn. Stat. § 325F.71; and

D.   North Carolina laws, including the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*

# VI.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are permanently restrained and enjoined from:

A.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which was obtained by any  Defendant from any Receivership Defendant prior to entry of this Order in connection with the marketing and sale of grant-related goods and services; and

B.    Failing to dispose of such customer information in all forms in Defendants' possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

# VII.

## COOPERATION WITH PLAINTIFFS AND RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of Plaintiffs' Second Amended Complaint, cooperate in good faith with Plaintiffs and the Receiver, and appear, or cause each of their officers, employees, Representatives, or agents to appear, at such places and times as Plaintiffs or the Receiver shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by Plaintiffs or Receiver. If requested in writing by Plaintiffs or the Receiver, Defendants shall appear, or cause each of their officers, employees, Representatives, or agents to appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Second Amended Complaint, without service of a subpoena.  Defendants are permanently restrained and enjoined from directly or indirectly doing any act or refraining from any act whatsoever to interfere with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to the receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## VIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purposes of monitoring and investigating

compliance with any provision of this Order:

A.     Within ten (10) business days of receipt of written notice from a representative of

the Commission, Defendants each shall submit additional written reports, which

are true and accurate and sworn to under penalty of perjury; produce documents

for inspection and copying; appear for deposition; and provide entry during

normal business hours to any business location in each Defendant's possession or

direct or indirect control to inspect the business operation;

B.     In addition, the Commission is authorized to use all other lawful means,

including:

1.     obtaining discovery from any person, without further leave of court, using

the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2.     having their representatives pose as consumers and suppliers to

Defendants, their employees, or any other entity managed or controlled in

whole or in part by any Defendant, without the necessity of identification

or prior notice; and

C.     Defendants each shall permit representatives of the Commission to interview any

employer, consultant, independent contractor, representative, agent, or employee

who has agreed to such an interview, relating in any way to any conduct subject

to this Order.  The person interviewed may have counsel present.  *Provided,*

*however,* that nothing in this Order shall limit the Commission's lawful use of

compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C.

§§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IX.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.     For a period of eight (8) years from the date of entry of this Order,

    1.     The Individual Defendant shall notify the Commission of the following:

        a.     Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b.     Any changes in his employment status (including self-employment), and any change in his ownership of more than one percent of any business entity within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

        c.     Any changes in his name or use of any aliases or fictitious names within ten (10) days of the date of such change;

    2.     Defendants shall notify the Commission of any changes in structure of Corporate Defendant or any business entity that any Defendant directly or

indirectly controls, or has a more than one percent ownership interest in, that may affect compliance obligations arising under this Order, including: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.   One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of eight (8) years, each Defendant shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

1.   For the Individual Defendant:

a.   The Individual Defendant's then-current residence address, mailing addresses, and telephone numbers;

b.   The Individual Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that the Individual Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description

of the individual Defendant's duties and responsibilities in

connection with the business or employment; and

c.    Any other changes required to be reported under Subsection A of

this Section.

2.    For all Defendants:

a.    A copy of each acknowledgment of receipt of this Order, obtained

pursuant to the Section titled "Distribution of Order;" and

b.    Any other changes required to be reported under Subsection A of

this Section.

C.    Each Defendant shall notify the Commission of the filing of a bankruptcy petition

by such Defendant within fifteen (15) days of filing.

D.    For the purposes of this Order, Defendants shall, unless otherwise directed by the

Commission's authorized representatives, send by overnight courier all reports

and notifications required by this Order to the Commission, to the following

address:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C. 20580
> RE: *FTC v. Affiliate Strategies et al., FTC case no. X090073*

*Provided* that, in lieu of overnight courier, Defendants may send such reports or notifications by

first-class mail, but only if Defendants contemporaneously send an electronic version of such

report or notification to the Commission at:  DEBrief@ftc.gov.

E.    For purposes of the compliance reporting and monitoring required by this Order,

the Commission is authorized to communicate directly with each Defendant.

# X.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eleven (11) years from the date of entry of this Order, in connection with the sale of any Money-Making Opportunity, the Corporate Defendant, and the Individual Defendant, for any business for which he is the majority owner or directly or indirectly controls, are hereby restrained and enjoined from failing to create and retain the following records:

A.  Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.  Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.  Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.  Complaints and refund requests (whether received directly or indirectly, such as through a third party,) and any responses to those complaints or requests;

E.  Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.  All records and documents necessary to demonstrate full compliance with each provision of this Order, including copies of acknowledgments of receipt of this

Order required by the Sections titled "Distribution of Order" and

"Acknowledgment of Receipt of Order" and all reports submitted to the

Commission pursuant to the Section titled "Compliance Reporting."

## XI.

## DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry

of this Order, Defendants shall deliver copies of the Order as directed below:

A.   Corporate Defendant:  The Corporate Defendant must deliver a copy of this Order
to (1) all of its principals, officers, directors, and managers; (2) all of its
employees, agents, and representatives who engage in the sale of any Money-
Making Opportunity; and (3) any business entity resulting from any change in
structure set forth in Subsection A.2 of the Section titled "Compliance
Reporting."  For current personnel, delivery shall be within five (5) days of
service of this Order upon such Defendant.  For new personnel, delivery shall
occur prior to them assuming their responsibilities.  For any business entity
resulting from any change in structure set forth in Subsection A.2 of the Section
titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the
change in structure.

B.   Individual Defendant as control person:  For any business that the Individual
Defendant controls, directly or indirectly, or in which such the Individual
Defendant has a majority ownership interest, the Individual Defendant must
deliver a copy of this Order to (1) all principals, officers, directors, and managers
of that business; (2) all employees, agents, and representatives of that business
who engage in the sale of any Money-Making Opportunity; and (3) any business

entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.    Individual Defendant as employee or non-control person:  For any business where the Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, he must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.    Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XIII.

## SEVERABILITY

**IT IS FURTHER ORDERED** that if any provision in this Order is determined to be void or unenforceable as to any Defendant, then as to that Defendant that provision shall be deemed severable from the remaining provisions of this Order, which shall remain in full force and effect.

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED.**

**Dated:** **August 1, 2011**

     **S/ Julie A. Robinson**_____
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**