# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

FEDERAL TRADE COMMISSION,
STATES OF ILLINOIS, KANSAS,
MINNESOTA, and NORTH CAROLINA,

      Plaintiffs,

      v.

AFFILIATE STRATEGIES, INC., *et al.*

      Defendants.

**Case No. 5:09-CV-04104-JAR-KGS**

**FINAL JUDGMENT ORDER AS TO
DEFENDANTS REAL ESTATE BUYERS
NETWORK LLC AND MARTIN NOSSOV**

The Court entered an order for summary judgment in favor of Plaintiffs the Federal Trade Commission, and the States of Illinois, Kansas, Minnesota, and North Carolina (collectively, "Plaintiffs") and against Real Estate Buyers Financial Network LLC ("REBFN") and Martin Nossov (collectively, the "Defendants") on July 26, 2011 (Docket no. 390). The Court entered a permanent injunction against Defendants on August 1, 2011, (Docket no. 395). The Court reserved entry of a monetary judgment against Defendants, pending resolution of the case against defendant Alicia Nossov, who was alleged to be jointly and severally liable with Defendants for a consumer-restitution judgment for $5.5 million. On August 18, 2011, the Court entered a stipulated final order between Plaintiffs and defendant Alicia Nossov (Docket no. 416) in which she agreed to pay a judgment of $126,894. Accordingly, **IT IS HEREBY ORDERED, ADJUDGED**, and **DECREED** as follows:

## FINDINGS

1.     Entry of this Final Judgment Order is in the public interest.  It is also appropriate in light

of Defendants' violations of Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C.

§§ 45(a), 53(b), and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101 - 6108; the Kansas

Consumer Protection Act, K.S.A. 50-623, *et seq.*; Minn. Stat. §§ 8.01 & 8.31; the

Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-325D.48;

Minn. Stat. § 325F.67; the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§

325F.68-325F.70; and Minn. Stat. § 325F.71, subd. 2 (2008); the North Carolina Unfair

and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 *et seq.*; and the Illinois

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*

2.     This Final Judgment Order is remedial in nature and shall not be construed as payment of

a fine, penalty, punitive assessment or forfeiture.

## ORDER

## I.

## CONSUMER REDRESS

**IT IS FURTHER ORDERED** that Defendants are liable, jointly and severally, for Five

Million Three Hundred Seventy-Three Thousand One Hundred Six Dollars ($5,373,106) in

consumer redress, and Plaintiffs are awarded monetary judgment as follows:

A.     One Million Seventy-Four Thousand Six Hundred Twenty-One Dollars and

Twenty Cents ($1,074,621.20) to the Federal Trade Commission;

B.     One Million Seventy-Four Thousand Six Hundred Twenty-One Dollars and

Twenty Cents ($1,074,621.20) to the State of Illinois;

C.     One Million Seventy-Four Thousand Six Hundred Twenty-One Dollars and

Twenty Cents ($1,074,621.20) to the State of Kansas;

D.      One Million Seventy-Four Thousand Six Hundred Twenty-One Dollars and

Twenty Cents ($1,074,621.20) to the State of Minnesota; and

E.      One Million Seventy-Four Thousand Six Hundred Twenty-One Dollars and

Twenty Cents ($1,074,621.20) to the State of North Carolina.

Funds paid to the Plaintiffs pursuant to this Section shall be deposited into a fund or

funds administered by the Plaintiffs or their designees to be used for equitable relief, including,

but not limited to, consumer redress and any attendant expenses for the administration any

redress fund.  Defendants will cooperate fully to assist the Plaintiffs in identifying consumers

who may be entitled to redress from the funds paid to the Plaintiffs pursuant to this Section.

In the event that direct redress to consumers is wholly or partially impracticable or funds

remain after redress is completed, the Plaintiffs may apply any remaining funds for any other

equitable relief (including consumer information remedies) that they determine to be reasonably

related to Defendants' practices alleged in the Second Amended Complaint.  Any funds paid to

the Commission not used for equitable relief shall be deposited into the U.S. Treasury as

disgorgement.  Any funds paid to any State Plaintiff not used for equitable relief may be used by

that State Plaintiff to the full extent authorized by that State's laws, including, but not limited to,

as payment for that State's costs of investigating and litigating the instant case.  Defendants shall

have no right to challenge Plaintiffs' choice of remedies under this Section or any other aspect of

the redress program.

## II.

## ENTRY OF ORDER

**IT IS FURTHER ORDERED** that there is no just reason for delay, and the Clerk of

Court is hereby directed to enter this Final Judgment Order immediately.

## III.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Final Judgment Order.


**SO ORDERED.**


Dated: <u>August 24, 2011</u>

<u> S/ Julie A. Robinson </u>

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE
