**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

FEDERAL TRADE COMMISSION, )
et al., )
 )
          Plaintiffs, )
 )
vs. ) Case No. 09-4104-JAR
 )
AFFILIATE STRATEGIES, INC., et al., )
 )
          Defendants. )
 )

**MEMORANDUM AND ORDER**

Before the Court is Defendant Meggie Chapman's Motion for Transfer (Doc. 448). Plaintiffs have objected to the request. Following a bench trial on the merits on August 22–23, 2011, the Court issued Findings of Fact and Conclusions of Law in favor of Plaintiffs Federal Trade Commission ("FTC") and the States of Illinois, Kansas, Minnesota, and North Carolina (collectively, "Plaintiffs") and against Chapman on September 16, 2011.[1] Judgment was entered against Chapman in the amount of $1,682,950[2] and the Court also entered a permanent injunction against Chapman.[3] The Court retained jurisdiction for purposes of construction, modification, and enforcement of the Judgment and Permanent Injunction. On October 26, 2011, Chapman filed a Notice of Appeal; the appeal is pending before the Tenth Circuit Court of Appeals.

On May 30, 2012, Plaintiffs applied for a Writ of Garnishment. Plaintiffs represented in

---

[1] Doc. 422.

[2] Doc. 423.

[3] Doc. 424.

this application that Chapman has filed a Chapter 7 bankruptcy petition in the United States District Court for the District of Arizona and that they have been stayed from attempting to collect on the judgment in this action.  Plaintiffs sought garnishment of a State Farm Fire and Casualty Co. ("State Farm") insurance policy that Chapman owns, which provides for payment of judgments against her.  The Clerk of this Court issued a Writ of Garnishment to State Farm on June 6, 2012.[4]  On June 18, Chapman filed the instant *Pro Se* Request to Transfer the garnishment proceeding, arguing that pursuing the garnishment proceeding in this court is unduly burdensome and expensive for her given that she now lives in Oregon and is participating in several lawsuits in the state of Arizona.  In her request for transfer, Chapman does not request a hearing or contend that she does not owe Plaintiffs the amount awarded in the final judgment.

      Plaintiffs' Writ of Garnishment was issued pursuant to the Fair Debt Collection Practices Act ("FDCPA"), which allows a Court to issue a writ of garnishment against certain property of the debtor "in order to satisfy the judgment against the debtor."[5]  The FDCPA contains a transfer provision: "If the debtor so requests, within 20 days after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides."[6]  Most courts have concluded that this language is not mandatory, but instead "'merely operates to shift the burden from the party requesting transfer—on whom the burden ordinarily rests in civil and criminal matters—to the party opposing transfer where . . . the requirements of § 3004(b)(2)

---

[4] Doc. 447.

[5] 28 U.S.C. § 3205(a).

[6] *Id.* § 3004(b)(2).

are met.'"[7]  These courts conclude that the FDCPA grants the district courts plenary authority to deny, limit, condition, regulate, extend, or modify any enforcement procedure, which allows them to "deny a timely transfer motion for good cause."[8]  Good cause may be shown where the transfer is requested merely to delay or frustrate efforts to collect on the judgment.[9]

Here, Plaintiffs argue that good cause exists to deny Chapman's motion because the appeal on the merits is pending before the Tenth Circuit, Chapman is not the real party in interest in the garnishment proceedings, judicial economy is best served by keeping the garnishment proceeding in this Court, and transfer would be overly burdensome for Plaintiffs.  For substantially the same reasons set forth in Plaintiffs' objections, the Court agrees.  Most importantly, the Court finds good cause exists to deny the motion to transfer based on the pending appeal and the fact that this Court retains jurisdiction to enforce the Judgment and Permanent Injunction issued in September 2011.  It would not serve the Court's strong interest in judicial economy to transfer the matter.  Chapman resided outside of this State for the entirety of the underlying proceedings and managed to travel to Kansas for trial.  She does not argue that the judgment in this case is not due and owing.  And she is not the subject of the writ of garnishment—it was directed at State Farm.  The Court finds that under all of these circumstances, Plaintiffs have shown good cause to deny Chapman's request for transfer.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Meggie

---

[7]*United States v. Mathews*, 893 F. Supp. 2d 72, 75–76 (D.D.C. 2011) (quoting *United States v. Gipson*, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010)).  *But see United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999) ("Because the plain language of this statute is mandatory, the district court must grant such a transfer as long as it is made in a timely manner.").

[8]*Id.*; *see* 28 U.S.C. § 3013.

[9]*See Gipson*, 714 F. Supp. 2d at 575.

Chapman's Motion for Transfer (Doc. 448) **is denied.**

      **IT IS SO ORDERED.**

Dated: <u>June 26, 2012</u>

                                                  <u>S/ Julie A. Robinson</u>
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE