# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 09-4104-JAR |
| AFFILIATE STRATEGIES, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

Before the Court is Garnishee State Farm Fire and Casualty Co.'s Joinder in Request for Transfer; Motion for Reconsideration (Doc. 452). Plaintiffs have objected to the renewed transfer request. The motion is now under advisement and the Court is prepared to rule. As described more fully below, State Farm's motion is denied.

## I.     Background

Following a bench trial on the merits on August 22-23, 2011, the Court issued Findings of Fact and Conclusions of Law in favor of Plaintiffs Federal Trade Commission ("FTC") and the States of Illinois, Kansas, Minnesota, and North Carolina (collectively, "Plaintiffs") and against Defendant Chapman on September 16, 2011.[1] Judgment was entered against Chapman in the amount of $1,682,950[2] and the Court also entered a permanent injunction.[3] The Court retained jurisdiction for purposes of construction, modification, and enforcement of the

---

[1]Doc. 422.

[2]Doc. 423.

[3]Doc. 424.

Judgment and Permanent Injunction.  On October 26, 2011, Chapman filed a Notice of Appeal; the appeal is pending before the Tenth Circuit Court of Appeals.  Defendant did not apply for a stay of execution pending appeal.[4]

On May 30, 2012, Plaintiff FTC applied for a Writ of Garnishment on behalf of all Plaintiffs of a State Farm Fire and Casualty Co. ("State Farm") insurance policy that Chapman's business owns, which provides for payment of judgments against her.  Plaintiffs represented in this application that Chapman has filed a Chapter 7 bankruptcy petition in the United States District Court for the District of Arizona and that they have been stayed from attempting to collect on the judgment in this action; they sought a limited lift of the stay to garnish the proceeds of the State Farm policy.  The Clerk of this Court issued a Writ of Garnishment to State Farm on June 6, 2012.[5]  On June 18, Chapman filed a timely *pro se* Request to Transfer the garnishment proceeding, arguing that pursuing the garnishment proceeding in this court is unduly burdensome and expensive for her given that she lives in Arizona.  In her request for transfer, Chapman does not request a hearing or contend that she does not owe Plaintiffs the amount awarded in the final judgment.  The Court found that Plaintiffs showed good cause to deny Chapman's request for transfer and denied the motion on June 26, 2012.

On July 2, 2012, State Farm filed the instant motion to "join" in the request for transfer and asks the Court to reconsider its decision denying Chapman's request for transfer.  On July 9, 2012, State Farm filed an Answer to the Writ of Garnishment and on July 27, it filed a motion for hearing.  In the motion for reconsideration, State Farm argues that the Court erred in denying transfer for the following reasons: (1) Arizona is a more convenient forum for the debtor and

---

[4]*See* Fed. R. Civ. P. 62.

[5]Doc. 447.

garnishee; (2) neither Chapman nor State Farm seek to delay by requesting transfer to Arizona; (3) the Court ruled without allowing for a reply or for State Farm to be heard; (4) the Court ruled before State Farm had been properly served with the FTC's response to the transfer request; (5) the FTC's response omitted procedural history of which the Court should have been made aware before ruling; (6) the Court incorrectly asserted that Chapman now lives in Oregon; and (7) since Arizona law will cover the substantive insurance coverage determination, judicial economy is best served if the proceeding is transferred to the United States District Court for the District of Arizona.

## II.    Discussion

The Writ of Garnishment was issued pursuant to the Fair Debt Collection Practices Act ("FDCPA"), which provides the United States with procedures to collect its debts, including postjudgment debts.  The FDCPA allows the United States, among other things, to obtain a writ of garnishment against certain property of the debtor "in order to satisfy the judgment."[6]  The FDCPA contains a transfer provision: "If the debtor so requests, within 20 days after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides."[7]   As this Court observed, most courts have concluded that this language is not mandatory, instead it "'merely operates to shift the burden from the party requesting transfer—on whom the burden ordinarily rests in civil and criminal matters—to the party

---

[6]28 U.S.C. § 3205(a).

[7]*Id.* § 3004(b)(2).

opposing transfer where . . . the requirements of § 3004(b)(2) are met.'"[8]  These courts conclude

that the FDCPA grants the district courts plenary authority to deny, limit, condition, regulate,

extend, or modify any enforcement procedure, which allows them to "deny a timely transfer

motion for good cause."[9]  Good cause may be shown where the transfer is requested merely to

delay or frustrate efforts to collect on the judgment.[10]

        The FTC argued and the Court agreed that good cause exists to deny Chapman's motion

because the appeal on the merits is pending before the Tenth Circuit, Chapman is not the real

party in interest in the garnishment proceedings, judicial economy is best served by keeping the

garnishment proceeding in this Court, and transfer would be overly burdensome for Plaintiffs.

The Court was particularly concerned with the procedural posture of the case, given the pending

appeal and the fact that this Court retains jurisdiction to enforce the Judgment and Permanent

Injunction issued in September 2011.  The Court found that it would not serve the Court's strong

interest in judicial economy to transfer the matter.  The Court also noted that Chapman did not

argue that the judgment in this case is not due and owing.  And she is not the subject of the writ

of garnishment—it was directed at State Farm.  State Farm has now appeared in this matter, filed

its Answer, and requested a hearing.  Additionally, State Farm seeks to join in Chapman's

previous request for transfer and asks the Court to reconsider its denial.

        D. Kan. Rule 7.3(a) allows a party to seek reconsideration of a dispositive order under

---

[8]*United States v. Mathews*, 893 F. Supp. 2d 72, 75–76 (D.D.C. 2011) (quoting *United States v. Gipson*, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010)).  *But see United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999) ("Because the plain language of this statute is mandatory, the district court must grant such a transfer as long as it is made in a timely manner.").

[9]*Id.*; *see* 28 U.S.C. § 3013.

[10]*See Gipson*, 714 F. Supp. 2d at 575.

4

Rule 59(e) or 60.  Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[11]  Under Rule 60(b), the court may relieve a party from an order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[12]

Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument" because a Rule 60(b) motion is not a substitute for appeal.[13]

As State Farm must recognize, 28 U.S.C. § 3013 applies only to requests by "the debtor." The debtor—Defendant Chapman—has not moved for reconsideration of the Court's denial of her transfer motion.  Instead, State Farm attempts to join in the request and move for reconsideration on her behalf.  It has no standing under the rule or statute to do so.

Even if State Farm had standing to pursue transfer of this matter, the Court does not find that any of the grounds cited in Rule 60(b) apply here.  The Court did not err by failing to wait for State Farm to weigh in on this motion because it was not the moving party and has no standing to request transfer under the statute.  The Court likewise did not err in inadvertently

---

[11]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[12]Fed. R. Civ. P. 60(b).

[13]*Hilliard v. Dist. Ct. of Comanche County*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

referring to Chapman's state of residence as Oregon.  Chapman referenced Oregon in her motion, as she was staying in that state at the time she filed her motion. This fact had no bearing on the Court's decision denying transfer.

State Farm argues that the Court may only find good cause to deny transfer if it finds that the motion for transfer is intended to delay or frustrate Plaintiffs' efforts to collect on the judgment.  This Court primarily relied on *United States v. Mathews* in denying Chapman's motion, where the district court for the District of Columbia considered whether the government had shown good cause to deny the debtor's motion to transfer in that case, a criminal case where a restitution judgment was due.[14]  Under the circumstances of that case, the court found that the government showed good cause because the transfer request would delay or frustrate the government's efforts to collect on the restitution judgment.[15]  Similarly, the Eastern District of Virginia has held that a court may deny a timely motion for transfer where good cause has been shown, "and good cause to deny transfer ordinarily would exist where transfer is requested merely to delay or frustrate efforts to collect on restitution judgments."[16]  Although State Farm is correct that the good cause discussed in those cases involved dilatory actions by the debtor, neither case stands for the proposition that good cause can only be shown where the motion is brought to delay or frustrate collection efforts.

In denying the motion to transfer, this Court instead focused on the judicial economy involved in denying the motion.  There is a pending appeal in this matter that followed a bench

---

[14]793 F. Supp. 2d 72 (D.D.C. 2011).

[15]*Id.* at 76–77.

[16]*United States v. Gipson*, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010).

trial, and the Court has retained jurisdiction to enforce the Judgment and Permanent Injunction issued in September 2011.  If this case is remanded to the district court by the Tenth Circuit, this Court is certainly in a better position to handle any issue on remand than a Court in Arizona.[17] This Court also observed that, like in *Mathews*, Chapman did not argue that the judgment in this case is not due and owing.  Given the procedural posture of this case and the fact that the garnishment was not directed at Chapman, but instead to State Farm, the Court found that Plaintiffs had shown good cause to deny the motion.

State Farm argues that judicial economy is better served by transferring the garnishment proceeding to Arizona, as it is more convenient for Chapman and State Farm.  It also observes that Arizona law will govern the coverage determination.  While Chapman does live in Arizona, she is not the subject of the coverage determination.  While the State Farm agent who sold the policy may be a resident of Arizona, State Farm itself is not based in Arizona and has successfully obtain local counsel in this matter.  It has already filed its Answer and Objections and requested a hearing.  This Court is capable of applying Arizona law in making any necessary coverage determination.

State Farm spends much of its brief arguing that the FTC is forum shopping by bringing the garnishment proceeding in this Court and has sought to frustrate State Farm's attempts to adjudicate coverage under its policy in the Arizona courts.  State Farm has been frustrated by the FTC's assertion of sovereign immunity in the declaratory judgment actions it has filed in Arizona state and federal court and complains that it has declined State Farm's "invitation" to

---

[17]The Court of course recognizes that the garnishment proceeding is ancillary to the judgment in this case, *see Int'l Paper Co. v. Whitson*, 595 F.2d 559, 561–62 (10th Cir. 1979), therefore, the Court retains jurisdiction to enter orders in aid of execution when the judgment has not been stayed. *See United States v. Kieffer*, No. 1:08-CR-54, 2010 WL 2231806, at*3–4 (D.N.D. May 28, 2010).

waive its claim of sovereign immunity.  This Court declines to find that the FTC's assertion of sovereign immunity is wrongful or dilatory.  The FTC clearly has jurisdiction in this Court and would be subject to jurisdiction in a transferee Court, so this fact carries little weight in the Court's decision.

In sum, the Court finds no clear error or other basis under Rule 60(b) to grant relief from the Court's previous order denying transfer in this matter.  The garnishment proceeding, including the pending Motion for Hearing (Doc. 459), is hereby referred to United States Magistrate Judge K. Gary Sebelius for disposition.

**IT IS THEREFORE ORDERED BY THE COURT** that  State Farm Fire and Casualty Co.'s Joinder in Request for Transfer; Motion for Reconsideration (Doc. 452) **is denied.**

**IT IS SO ORDERED.**

Dated: July 31, 2012

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE